# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYMELLE HINTON,<br>CDCR #T-85879,<br><br>    Plaintiff,<br><br>vs.<br><br>UNKNOWN, Correctional Officer;<br>BOXER, Correctional Officer;<br>BENNETT-GARZA, Correctional Officer;<br>ROBERTS, Correctional Officer,<br><br>    Defendants. | Civil No.  08-1258 IEG (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1)** |

Jaymelle Hinton ("Plaintiff"), a state prisoner currently incarcerated at California State Prison-Sacramento ("CSP-SAC") in Represa, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

# I.

## MOTION TO PROCEED IFP

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's most recent trust account statement shows he has an available balance of only $.37. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no

assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2], and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

**A.    Standard**

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis

///

1 complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th
2 Cir. 1998) (discussing 28 U.S.C. § 1915A).

3 "[W]hen determining whether a complaint states a claim, a court must accept as true all
4 allegations of material fact and must construe those facts in the light most favorable to the
5 plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
6 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's
7 duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,
8 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*
9 *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a
10 pro se civil rights complaint, the court may not "supply essential elements of claims that were
11 not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th
12 Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations
13 are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Community*
14 *Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported
15 by facts are insufficient to state a claim under section 1983).

16 **B.  42 U.S.C. § 1983 Liability**

17 Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person
18 acting under color of state law committed the conduct at issue, and (2) that the conduct deprived
19 the claimant of some right, privilege, or immunity protected by the Constitution or laws of the
20 United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 643 (2004); *Haygood*
21 *v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

22 **C.  Eighth Amendment Excessive Force Allegations**

23 When an inmate claims that prison officials violated his Eighth Amendment rights by
24 using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith
25 effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*
26 *v. McMillian*, 503 U.S. 1, 7 (1992). An Eighth Amendment violation occurs only when an
27 inmate is subjected to the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475
28 U.S. 312, 319 (1986). To determine whether a prisoner has sufficiently met this standard, the

1  Court examines the following five factors: (1) the extent of the injury suffered; (2) the need for
2  the application of force; (3) the relationship between that need and the amount of force used; (4)
3  the threat reasonably perceived by Defendants; and (5) any efforts made to temper the severity
4  of a forceful response. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321.

5  Plaintiff's Complaint is difficult to understand; however, he appears to claim that several
6  Richard J. Donovan Correctional Facility Officers named Boxer, Bennett-Garza, Roberts, and
7  another unknown officer whose identity is "not familiar" to him, "yelled" and "screamed,"
8  handcuffed, assaulted and "pushed [him] vigorously" on what appear to be separate occasions
9  in 2004 and 2005. (Compl. at 6.)

10  The use of excessive force by a prison official constitutes a violation of the Eighth
11  Amendment. *See Hudson*, 503 U.S. at 6-7; *Spain v. Procunier*, 600 F.2d 189, 194 (9th Cir.
12  1979). Nevertheless, "not every push or shove, even if it may later seem unnecessary in the
13  peace of a judge's chambers, violates a prisoner's constitutional rights." *Meredith v. Arizona*,
14  523 F.2d 481, 483 (9th Cir. 1975). Here, while Plaintiff appears to challenge Defendants' use
15  of force against him, he has failed to sufficiently plead circumstances from which the Court can
16  determine whether that force was applied with a malicious and sadistic intent to cause him harm.
17  *Hudson*, 503 U.S. at 6-7; *Whitley*, 475 U.S. at 321. Specifically, Plaintiff does not allege *any*
18  injury from which the Court can infer excessive force, nor does he describe in any discernible
19  way the circumstances giving rise to its application. *See Hudson*, 503 U.S. at 7 (noting the
20  "absence of serious injury is ... relevant to the Eighth Amendment inquiry") ; *see also Martinez*
21  *v. Stanford*, 323 F.3d 1178, 1184 n.2 (9th Cir. 2003) (the Eighth Amendment "necessarily
22  excludes from constitutional recognition *de minimis* uses of physical force.") (citation omitted).
23  Conclusory allegations unsupported by facts are insufficient to state a claim under section 1983.
24  *Jones*, 733 F.2d at 649. Thus, while the Court liberally construes Plaintiff's Complaint, he must
25  nevertheless "allege with at least some degree of particularity overt acts which defendants
26  engaged in that support [his] claim[s]." *Id.* (internal citation omitted).
27  / / /
28  / / /

Accordingly, to the extent Plaintiff seeks § 1983 relief based on claims that Defendants imposed cruel and unusual punishment upon him in violation of the Eighth Amendment, his allegations, as currently pleaded, simply fail to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### D. Statute of Limitations

Moreover, even if Plaintiff had sufficiently stated an Eighth Amendment claim, it appears on the face of his Complaint alone, that his claims–arising on unspecified dates in 2004 and 2005–are untimely. (*See* Compl. at 6.)

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Effective January 1, 2003, the applicable California statute of limitations for personal injury suits is two years. *See Jones*, 393 F.3d at 927 (citing CAL. CIV. PROC. CODE § 335.1).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, __U.S. __ , __ , 127 S. Ct. 1091, 1095 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 127 S. Ct. at 1097; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." ). The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace*, 127 S. Ct. at 1097.

/ / /

1       Here, Plaintiff claims that on some unspecified date in 2004 and again in 2005, Defendants used excessive force against him. (Compl. at 6.) Thus, he had "reason to know" in 2004 and again in 2005 that Defendants committed a "wrongful act" which presumably caused him injury. *Id.*; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this case until July 2008, which is outside California's two-year statute of limitations. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927.

      In addition, it is not clear from the face of Plaintiff's Complaint, whether the nature of his sentence or other circumstances of his confinement toll the statute of limitations for a period of time which might render his claims timely. *See, e.g.*, CAL. CODE CIV. PROC. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration if he is serving a term of "less than life"); *Fink*, 192 F.3d at 916 (noting that federal courts also apply the forum state's law regarding equitable tolling); *Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994) (noting conditions under which California courts apply equitable tolling); *and Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (noting that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process" required by 42 U.S.C. § 1997e(a)).

      Accordingly, the Court finds that Plaintiff's Complaint must also be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because it appears from the face of the pleading that his claims are time-barred. *See Cervantes*, 5 F.3d at 1277; *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### III.
### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty

1  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
2  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
3  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
4  ASSIGNED TO THIS ACTION.

5  3.   The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
6  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
7  Sacramento, California 95814.

8  **IT IS FURTHER ORDERED** that:

9  4.   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
10 upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). However,
11 Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is Filed in which to
12 file a First Amended Complaint which cures all the deficiencies of pleading noted above.
13 Plaintiff's Amended Complaint must be complete in itself without reference to his original
14 pleading. *See* S.D. CAL. CIVLR. 15.1. Defendants not *individually* named and all claims not re-
15 alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,
16 567 (9th Cir. 1987). Finally, Plaintiff is hereby cautioned that if his Amended Complaint still
17 fails to state a claim upon which relief may be granted, it may be dismissed without further leave
18 to amend and this action may hereafter be counted as a "strike" against him pursuant to 28
19 U.S.C. § 1915(g).[1]

22 **DATED: August 22, 2008**

23 _____
    **IRMA E. GONZALEZ, Chief Judge**
24  **United States District Court**

---

[1] 28 U.S.C. § 1915(g) precludes IFP status if a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *See also Andrews*, 398 F.3d at 1116 n.1.